UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 6:09-cv-138-KKC

JULIA A. TURNER                                                        PLAINTIFF

v.                      **MEMORANDUM OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Julia A. Turner ("Turner") and Defendant, Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"). Rec. 12, 13. For the reasons set forth below, the Court finds that the Commissioner's decision denying Turner's claim for benefits is supported by substantial evidence. Accordingly, the Court will grant the Commissioner's motion for summary judgment.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Turner previously filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. AR 12. A hearing was held on those applications before Administrative Law Judge ("ALJ") Frank Letchworth. *Id.* On August 10, 2006, the ALJ issued an unfavorable decision denying Turner's claim for benefits. *Id.* at 12, 48-61. Turner then filed a request for review with the Social Security Administration's Appeals Council which denied the request for review. *Id.* at 62-64. Turner did not appeal the denial of her initial claims further so that the previous ALJ's decision became a final and binding decision. *Id.* at 12.

On August 18, 2006, Turner protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for SSI. *Id.* Both applications claimed a

period of disability beginning on January 3, 2002 due to degenerative disk disease of the cervical spine; chronic neck and back pain; depression; anxiety-related disorders; and personality disorders. Both claims were denied initially and again on reconsideration. *Id.* at 65-68. Turner then filed a request for a hearing before an ALJ, which was held before ALJ James P. Alderisio on December 3, 2007. Turner attended the hearing and testified as did a vocational expert ("VE"). *Id.* at 23-36. On June 27, 2008, this second ALJ also issued an unfavorable decision denying Turner's claims for benefits. *Id.* at 9-22. Turner then filed a request for review with the Appeals Council which denied the request for review. *Id.* at 1-8. At that point, the ALJ's decision became the final decision of the Commissioner pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Because Turner has fully exhausted all of her administrative remedies, her claims are ripe for review by this Court.

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Administration, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meet or medically equal a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical

impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, a determination must be made whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ determined that Turner had not engaged in substantial gainful activity since August 11, 2006, the date after the prior ALJ's unfavorable decision.[1] At step two, the ALJ found that Turner had the following severe impairments: (1) degenerative disc disease of the cervical spine, mild; (2) chronic neck and back pain; (3) depression; (4) anxiety-related disorders; and (5) personality disorders. *Id.* at 15. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17.

With regard to Turner's mental impairments, the ALJ found that Listings 12.04 and 12.06 were not met. *Id.* The "paragraph B" criteria were not satisfied because Turner had only mild restrictions in activities of daily living, mild difficulties in social functioning, moderate difficulties with concentration, persistence, or pace and no episodes of decompensation. *Id.* Meeting the "B" criteria requires at least two areas of "marked restrictions"[2] or one "marked" area and repeated episodes of decompensation

---

[1] The ALJ recognized that the prior ALJ's decision rendered on August 10, 2006 was binding on all findings required under the applicable sequential evaluation process for determining disability, unless new and additional evidence or changed circumstances provide a basis for a different finding. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *see also* Social Security Acquiescence Ruling 98-4(6).

[2] A "marked restriction" is more than moderate but less than extreme.

4

each of extended duration. The ALJ also found that the record did not support a finding that the "Paragraph C' criteria were met. In order for the "C" criteria to be met, a claimant must have a medically documented history of chronic affective disorder of at least two years duration which must have caused more than a minimal limitation of the ability to do basic work activities.

> Prior to step four, the ALJ determined that Turner had the RFC to:
>
> perform light work...except she is limited to occasional pushing and pulling with the upper extremities; occasional reaching; no climbing ropes, ladders, or scaffolds; she is limited to occasional balancing, stooping, crawling; she should avoid exposure to hot or cold temperatures and no exposure to vibrating or hazardous machinery; there should be no reading requirements on the job; she is limited to simple one to two step instructions; she should avoid exposure to hazardous noise on the job site and jobs requiring hearing bilaterally; and she must have a sit/stand option every hour.

*Id.* at 18. At step four, based on the aforementioned RFC determination, the ALJ found that Turner was able to perform her past relevant work as an assembly line worker. *Id.* at 20. While not required to do so, the ALJ proceeded to step five of the sequential evaluation process, where he determined that based on Turner's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. *Id.* at 20-21. Accordingly, the ALJ found that Turner was not disabled under sections 216(i) and 223(d) of the Social Security Act. *Id.* at 22.

**D. Discussion**

In this appeal, Turner argues that the ALJ erroneously determined that she retained the capacity to perform her past work as an assembly line worker. She asserts that this error was not harmless because the ALJ's determination at step five of the evaluation process - that there was other light work existing in the national economy that she could perform - was premised on testimony by a vocational expert ("VE") in response to hypothetical questions that did not accurately reflect her mental and physical impairments. Because the Court finds that the ALJ's determination that Turner could perform her past relevant work was not in error, it is unnecessary for this Court to reach the issue whether the

assumptions contained in the hypothetical questions posed by the ALJ to the VE adequately conveyed Turner's limitations and provide substantial evidence for the determination at step five.

Turner initially argues that the ALJ improperly rejected the opinion of Dr. Baggs who examined her on November 25, 2006 and assessed a GAF score of 60.[3] *Id.* at 299. As part of his medical source statement, Dr. Baggs indicated that:

> Mrs. Turner has the ability to understand and remember simple instructions. However, due to her reported anxiety and depressive symptoms, she may have some difficulty at times sustaining concentration and persistence in completion of tasks in a normal amount of time. She appeared to have some difficulty relating with peers in a social setting, due to the apparent anxiety evoked. At present, she appeared to evidence some difficulty in adapting and responding to the pressures found in normal work settings.

*Id.* at 300. Finally, Dr. Baggs opined that "[t]he present mental status examination tends to confirm the claimant is experiencing some significant feelings of anxiety and depression. *Id.*

Initially, the Court notes that because Dr. Baggs was only a one-time examining physician, his opinion is not accorded the level of deference of a treating physician or source. *See* 20 C.F.R. § 404.1502 (defining "treating source" as "your physician, psychologist, or other acceptable medical source who...has, or has had, an ongoing treatment relationship with you"); *see also Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)(indicating that the opinion of a consulting physician is not entitled to the same deference as that of a treating physician). As a result, the ALJ was not under no obligation to afford it significant weight. However, the Court disagrees with Turner's contention that the ALJ rejected Dr. Baggs' opinion. For example, the ALJ agreed with Dr. Baggs that Turner could follow simple instructions. In addition, the ALJ's determination that Turner had moderate difficulties with regard to concentration, persistence or pace and is consistent with Dr. Baggs' GAF score of 60. In

---

[3] A GAF score of 51-60 "indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks), or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 503 (6th Cir. 2006)(unpublished)(internal quotations omitted).

addition, in reviewing Dr. Baggs' opinion, the Court finds that it does not support Turner's claim that she is disabled because of her mental impairments.

Turner also asserts that the ALJ improperly rejected the opinions of Dr. Sillers and Dr. Brake, the Agency's non-examining mental health sources whose opinions. Once again, the Court recognizes that the opinions of these non-examining physicians are not entitled to the same degree of deference as the opinions of treating physicians. *See, e.g.*, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Upon review of the ALJ's decision, it is clear that he considered these opinions are relevant evidence. 20 C.F.R. § 404.1527(f)(2). However, under applicable social security regulations, an ALJ is "not bound by any findings made by State agency medical or psychological consultants" although such physicians "are highly qualified...experts in Social Security disability evaluation[s]." 20 C.F.R. § 404.1527(f)(2)(i).

In this case, the ALJ explained that he was not giving the opinions of the state agency psychologists significant weight. However, even if the ALJ had given their opinions significant weight, Turner fails to explain how these opinions would have supported her application for disability. With regard to Dr. Shiller's opinion, her opinion sets forth the following findings which do not support Turner's claim for disability and are consistent with at least some of the ALJ's findings. Dr. Shiller indicated that:

> Mrs. Turner retains the capacity to: Understand, remember and carry out simple and non-detailed tasks in a setting that is not excessively pressured. She can maintain concentration and attention for two hour segments over an eight hour period. Demonstrate adequate judgment and made adequate decisions. *Complete a normal workweek without excessive interruptions from psychologically based symptoms.* Respond appropriately to supervisors and co-workers in a setting that is task versus public oriented.

AR at 317 (emphasis added). This opinion does not support Turner's claim of disability based on her mental impairments and supports the ALJ's finding that although Turner suffers some effects from her psychological impairments, these do not render her disabled or prevent her from performing the

requirements of her past relevant work as an assembly line worker.  The Court reaches a similar conclusion with regard to the opinion of Dr. Jane Brake.  AR. at 215-18.  While this opinion differs in certain respects with the ALJ's, even if the ALJ had adopted this opinion, a finding of disability would not have been warranted because Dr. Brake did not impose any "marked" limitations as a result of Turner's psychological symptoms.  Likewise, Dr. Brake's opinion gives no indication that Turner was rendered unable to work because of her psychological symptoms.

Finally, Turner claims that the ALJ erred by improperly rejecting the opinion of Nurse Practitioner Elaine Perkins ("Perkins"), her treating source and failing to give sufficient reasons for rejecting the specific restrictions assessed by her.  Perkins completed a status report on September 18, 2006, in which she indicated that Turner sometimes "appears to have problems sitting and walking."  She also noted that "no progress" had been made with Turner's anxiety and listed diagnoses of depressive disorder, NOS, anxiety disorder, personality disorder and assessed a GAF of 55.  AR at 289.  On January 16, 2007, Perkins indicated that Turner had a fair ability to carry out and remember instructions.  AR 320-22.  However, she cautioned that Turner would have difficulty responding appropriately to supervisors due to her problems "with authority figures [and] getting along with others."  *Id.*  Perkins also claimed that Turner would not be able to work well with others because of her paranoia and anxiety.  *Id.*  Finally, she opined that Turner could not "handle stress of any type of pressures in the work place."  *Id.*  Perkins completed a final status report on February 6, 2007, in which she added a diagnosis of dependent personality disorder and again assessed a GAF of 55.  *Id.* at 323.  She also indicated that Turner was not making progress or being helped by her medications.  *Id.*

Turner acknowledges that Perkins is not an "acceptable medical source."  Under applicable social security regulations medical opinions "that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnoses and prognoses, what you can still do despite

8

impairment(s), and your physical or mental restrictions," may only be given by "acceptable medical sources." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Nurse practitioners are considered "other sources" whose opinions may be used as evidence to show the severity of a claimant's impairments. 20 C.F.R. §§ 404.1513(d), 416.913(d).

Social Security Ruling 06-03P clarifies how the Commissioner should consider opinions and other evidence from sources such as nurse practitioners who are not "acceptable medical sources." SSR 06-03p, 2006 SSR LEXIS 4, 2006 WL 2329939. The ruling explains that information from such sources "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *3. Furthermore, the ruling goes on to note that:

> the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources"....The adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.* at *4. In this case, the ALJ explained that he was rejecting Perkins' opinion because it was not supported by the objective medical evidence. While the Court recognizes that Perkins' opinion was supported by some evidence in the record, the Court nonetheless finds that the ALJ did not err by rejecting her opinion. As indicated above, Perkins is not a treating source and her opinion is not entitled to any special level of deference. The ALJ's decision to reject Perkins' opinion is supported by substantial evidence in the record and the Court is required to uphold that decision, regardless of whether this Court might have resolved the issue differently if it had conducted a *de novo* review. *See Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)(per curiam); *see also Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 263 (6th Cir. 1988).

At step four of the sequential evaluation process, the ALJ found that Turner had the RFC to perform the requirements of her past relevant work as an assembly line worker. In those cases where a

9

claimant is found able to perform the requirements of her past relevant work, she will not be found disabled. *See Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4)(iv)(indicating that "[i]f you can still do your past relevant work, we will find that you are not disabled."). Because the Court has found that the ALJ's determination that Turner can perform the requirements of her past relevant work as an assembly line worker is supported by substantial evidence, the Commissioner's motion for summary judgment will be granted.

III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying Turner's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 12) is **DENIED;**

(2) Defendant's Motion for Summary Judgment (Rec. No. 13) is **GRANTED;** and

(3) The administrative decision of the Commissioner will be **AFFIRMED** by a separate Judgment entered this date.

This 13th day of May, 2010.

Signed By:

*Karen K. Caldwell*

**United States District Judge**